UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERGIO MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2015 |
| | § | |
| DAVID L GARZA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff, Harris County Jail inmate Sergio Martinez (SPN #00903751), has filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights by his court appointed attorney in a state criminal action. (Docket No. 1.) Plaintiff proceeds *pro se* and seeks leave to proceed *in forma pauperis*. (Docket No. 2.) After reviewing the pleadings and available state court records the Court concludes that this case must be dismissed as frivolous.

## I. BACKGROUND

Plaintiff is in Harris County Jail facing charges for burglary of a habitation. *State v. Martinez*, No. 1403731 (339th Dist. Ct., Harris County, Tex. *filed* Oct. 4, 2013); *see* Harris County District Clerk website, http://www.hcdistrictclerk.com. Plaintiff has a long history of prior felony convictions including a 2003 judgment for burglary of a habitation out of the 182nd State District Court of Harris County, Texas. *State v. Martinez*, No. 092086401010 (182nd Dist. Ct., Harris County, Tex. Jan. 28, 2003). In a cryptic three sentence complaint, Plaintiff states that his court appointed attorney, Mr. David L. Garza, is not a member of the bar, "prevent[s] advocates, lawyers, counselors, barristers and solicitors from entering through the outer bar," and is "practicing law without lawful authority." (Docket No. 1 at 4.) Plaintiff seeks an investigation and criminal charges against Mr. Garza. *Id*.

## II.     STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C.§ 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").  The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

The plaintiff proceeds *pro se* in this case.  Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review.  See *Haines v. Kerner*, 404 U.S. 519 (1972). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts

"are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678.

## III. DISCUSSION

Although Plaintiff's pleadings are presented as a civil rights complaint, his allegations are largely nonsensical and do not state a valid claim for relief under 42 U.S.C. § 1983. Moreover, based on the fact that Plaintiff seems to suffer from mental health issues and has been ordered to undergo a psychiatric examination in his state criminal proceedings, it appears that it would be futile to give him an opportunity to amend his pleadings. *See* Docket Sheet, No. 1403731, Harris County District Clerk website, http://www.hcdistrictclerk.com. A prisoner civil rights complaint that is based on fantastic or delusional allegations or asserts an indisputably meritless theory is subject to *sua sponte* dismissal as frivolous. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citing *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).

### A. The Court Cannot Intervene in a Pending State Court Proceeding

Plaintiff apparently seeks the Court's intervention in a State criminal proceeding. There is a long standing policy against federal court interference in state court proceedings where there is a remedy in state law. *Younger v. Harris*, 401 U.S. 37, 44-46 (1971). The *Younger* doctrine applies to matters of state criminal, civil, and administrative law. *See Wightman v. Texas Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996); *Word of Faith World Outreach Center Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir.1993). Plaintiff has not presented any facts

that show that he is entitled to such intervention.  *See, e.g., Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1999) (violation of double jeopardy clause); *Gerstein v. Pugh*, 420 U.S. 103 (1975) (no probable cause hearing following arrest and detention); *Simon v. Woodson*, 454 F.2d 161, 165 (5th Cir. 1972) (arbitrary denial or revocation of pretrial bail); *Tooten v. Shevin*, 493 F.2d 173 (5th Cir. 1974) (unconstitutional state penal statute); *Braden v. 30th Judicial Court of Kentucky*, 410 U.S. 484 (1973) (denial of speedy trial).  Plaintiff's complaint regarding the handling of his criminal case is not actionable here at this time due to the ongoing nature of the criminal proceedings.  *See DeSpain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984).

**B.      Habeas Claims**

To the extent Plaintiff's claims are challenges to the state court criminal action brought against him, they must be pursued in a habeas corpus action.  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (citing, *Serio v. Members of La. Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987); *see also Boyd v. Biggers*, 31 F.3d 279, 283 n.4. (5th Cir. 1994).  As stated above, the Federal Courts do not intervene in state proceedings where there are still remedies available in the state system.

Plaintiff can only file a petition for a writ of habeas corpus in federal court after he has exhausted all available state remedies.  28 U.S.C. § 2254(b); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  Exhaustion requires that the federal claims have been fairly presented to the highest court of the state either in a petition for discretionary review or an application for writ of habeas corpus.  *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).  The exhaustion requirement based in part on principles of comity; "in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In Texas, the Texas Court of Criminal Appeals

is the court of final review regarding criminal matters. TEX. CODE CRIM. PROC. ANN., art. 4.04 § 2 (Vernon 2005). The fact that Plaintiff's criminal proceedings are still in the state district courts shows that he has not properly brought the claims before the Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 792-794 (5th Cir. 1993); *Bryant v. Bailey*, 464 F.2d 560, 561 (5th Cir. 1972).

Because Plaintiff's complaint lacks an arguable basis in law it must be dismissed as frivolous. 28 U.S.C. § 1915(e)(2); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

### IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

2. Officials at the Harris County Jail Inmate Trust Fund shall deduct twenty percent (20%) of each deposit made to the inmate trust account of Sergio Martinez (SPN # 00903751) and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee for this case ($350.00) has been paid.

3. Plaintiff's complaint is **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the Harris County Jail Inmate Trust Fund, 1301 Franklin, Houston, Texas 77002; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, this 4th day of August, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE